IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA A. MUNOZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-0076 |
| | § | |
| HSBC BANK USA, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER AWARDING ATTORNEY'S FEES AS SANCTION**

This suit was filed in December 2012 in state court by the borrower, Maria Munoz, challenging a mortgage loan foreclosure. Munoz sought injunctive relief preventing foreclosure and collection on mortgage; declaratory judgment that liens on her property are void and that HSBC forfeits principal and interest for failure to cure violations of Texas Constitution; damages; and attorney's fees. The case was removed to federal court. In a hearing held on May 28, 2013, the court heard and granted the motion filed by the defendant mortgage holder, HSBC Bank USA, to dismiss with prejudice. The court also granted the motion filed by HSBC for sanctions for having to defend against one of Munoz's claims after the point at which its unfounded nature was reasonably apparent. That claim alleged that the original lender had violated § 0(a)(6)(E) of Article XVI of the Texas Constitution, the so-called 3 % rule, by charging fees exceeding 3% of the original loan principal. Munoz—that is, her lawyer—based this allegation on the inclusion of a $250.00 document fee in the amounts she was required to pay. The problem is that the closing documents clearly showed that the lender, not Munoz, paid the document fee Munoz's counsel included in the

calculations. When this fee is excluded, the total fees are less than 3% of principal. That claim was frivolous.

Counsel for Munoz did not include the 3% claim in the state-court petition, but after removal, moved for leave to amend to add it. That was in February 2013. That same month, counsel for HSBC provided opposing counsel the documents showing that the proposed added claim was baseless. Counsel for Munoz nonetheless moved for leave to amend to add the claim in March 2013. HSBC then followed the procedure and moved for sanctions under Fed. R. Civ. P. 11 for having to defend the claim. This court ruled at the hearing that in addition to dismissing the case on limitations grounds, this claim was frivolous and awarded sanctions against Munoz because her counsel pursued it. Because there were other claims that were not found frivolous, the court required counsel for HSBC to segregate those fees that would not have been incurred had the frivolous claim alleging a violation of the 3% rule not been filed.

The court allowed HSBC to move for the specific fees it sought for defending against that claim. HSBC did so timely, and Munoz responded, but a clerical docketing error meant that the motion did not come to the court's attention until recently. Based on the motion and response, the oral argument of counsel, the pleadings, and the applicable law, this court grants the motion for fees, (Docket Entry No. 30), and awards HSBC fees for $3,592.00, the time reasonably allocated to defending the 3% claim between January 2013, when counsel for HSBC first contacted counsel for Munoz and provided the information showing the frivolousness of the claim, and March 2013. Counsel for HSBC provided an itemization of the fees incurred and presented a solid ground for allocating the fees between the 3% claim, which the court found frivolous, and the remaining claims, which were not frivolous but were dismissed, without opposition, on limitations grounds under

*Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013). *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-14 (Tex. 2006); *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007).

       SIGNED on August 18, 2014, at Houston, Texas.

                              Lee H. Rosenthal
                             United States District Judge